

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

---

*Robert C. Byrd United States Courthouse*
*300 Virginia Street, East*
*Suite 4000*
*Charleston, WV 25301*

*1-800-659-8726*
*304-345-2200*
*FAX: 304-347-5104*



August 24, 2023

Timothy C. Carrico, Esq.
105 Capitol Street, Suite 300
Charleston, WV 25301

      Re:  United States v. Daniel Phillip Beckman
           Criminal No. _____(USDC SDWV)

Dear Mr. Carrico:

    This will confirm our conversations with regard to your client, Daniel Phillip Beckman (hereinafter "Mr. Beckman"). As a result of these conversations, it is agreed by and between the United States and Mr. Beckman as follows:

    1.  **PENDING CHARGES.** Mr. Beckman is charged in a four-count indictment in Criminal No. 2:23-cr-00048 as follows:

    (a)  Counts One and Three charge Mr. Beckman with violations of 18 U.S.C. § 2251(a) (production of child pornography); and

    (b)  Counts Two and Four charge Mr. Beckman with violations of 18 U.S.C. § 2422(b) (enticement of a minor).

    2.  **CHARGING AGREEMENT.** Mr. Beckman agrees to waive his right pursuant to Rule 7 of the Federal Rules of Criminal Procedure to be charged by indictment and will consent to the filing of a single-count information to be filed in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

    3.  **RESOLUTION OF CHARGES.** Mr. Beckman will plead guilty to a violation of 18 U.S.C. §§ 2252A(a)(2) and 2252A(b)(1) (receipt

                                                            Defendant's
                                                            Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 2

of child pornography) as charged in said information. Following final disposition, the United States will move the Court to dismiss the indictment in Criminal No. 2:23-cr-00048 as to Mr. Beckman.

4. **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Mr. Beckman will be exposed by virtue of this guilty plea is as follows:

(a) Imprisonment for a period of at least 5 and up to 20 years;

(b) A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c) A term of supervised release of five years to life;

(d) A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013 and $5,000 pursuant to 18 U.S.C. § 3014; and

(e) An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

5. **SPECIAL ASSESSMENT.** Prior to the entry of a plea pursuant to this plea agreement, Mr. Beckman will tender a check or money order to the Clerk of the United States District Court for $100, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Mr. Beckman will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Mr. Beckman fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 3

after payment of the special assessment, such sum shall be promptly
returned to Mr. Beckman.

6.   **RESTITUTION.** Notwithstanding the offense of conviction,
Mr. Beckman understands that the Court shall order restitution the
victims in this case for the full amount of the victims' losses,
if any. Mr. Beckman further agrees to pay such restitution, with
interest as allowed by law, to the fullest extent financially
feasible.  In aid of restitution, Mr. Beckman further agrees as
follows:

(a)  Mr. Beckman agrees to fully assist the United States in
     identifying and locating any assets to be applied toward
     restitution and to give signed, sworn statements and
     testimony concerning assets upon request of the United
     States.

(b)  Mr. Beckman will fully complete and execute, under oath,
     a Financial Statement and a Release of Financial
     Information on forms supplied by the United States and
     will return these completed forms to counsel for the
     United States within seven calendar days from the date
     of the signing of this plea agreement.

(c)  Mr. Beckman agrees not to dispose of, transfer or
     otherwise encumber any real or personal property which
     he currently owns or in which he holds an interest.

(d)  Mr. Beckman agrees to fully cooperate with the United
     States in the liquidation of assets to be applied towards
     restitution, to execute any and all documents necessary
     to transfer title of any assets available to satisfy
     restitution, to release any and all right, title and
     interest he may have in and to such property, and waives
     his right to exemptions under the Federal Debt
     Collection Procedures Act upon levy against and the sale
     of any such property.

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 4

(e)  Mr. Beckman agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds the amount of $10,000 per victim.  However, nothing in this provision is intended to preclude the Court from ordering Mr. Beckman to pay a greater or lesser sum of restitution in accordance with law.

7.  **ABANDONMENT OF PROPERTY.**  Mr. Beckman hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in the electronic devices seized from him and his residence during a search on April 19, 2023. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to the law.

8.  **PAYMENT OF MONETARY PENALTIES.**  Mr. Beckman authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes.  Mr. Beckman agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States.  So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Beckman further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

Mr. Beckman authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 5

defendant's payment status or history at that time.

In addition to any payment ordered by the Court, Mr. Beckman shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

Mr. Beckman agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

9. **COOPERATION.**   Mr. Beckman will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States.   In complying with this provision, Mr. Beckman may have counsel present except when appearing before a grand jury.

10. **USE IMMUNITY.**   Unless this agreement becomes void due to a violation of any of its terms by Mr. Beckman, and except as expressly provided for in paragraph 12 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

11. **LIMITATIONS ON IMMUNITY.**   Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 6

prosecuting Mr. Beckman for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Beckman for perjury or false statement if such a situation should occur pursuant to this agreement.

12. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Beckman stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Mr. Beckman agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Beckman or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Beckman knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Beckman understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

13. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Mr. Beckman agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 7

<u>USSG §2G2.2</u>

Cross reference to §2G2.1 (via §2G2.2(c))

<u>USSG §2G2.1</u>

| | |
|---|---|
| Base Offense Level | 32 |
| Age 12-16 | + 2 |
| Use of Computer/Misrepresentation | + 2 |

<u>Chapter 4</u>

| | |
|---|---|
| §4B1.5(b) (Pattern of Conduct) | + 5 |

The United States and Mr. Beckman reserve the right to address the issue of grouping under Chapter 3 of the Sentencing Guidelines. The United States and Mr. Beckman acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

14. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Beckman knowingly and voluntarily waives his right to seek appellate review of his conviction and of any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant may appeal any sentence that exceeds the maximum penalty prescribed by statute. Mr. Beckman also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction (18 U.S.C. § 2252A) is unconstitutional, and (2) Mr. Beckman's conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 18 U.S.C. § 2252A.

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 8


The United States also agrees to waive its right to appeal any sentence of imprisonment, fine, or term of supervised release imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Mr. Beckman also knowingly and voluntarily waives the right to challenge his guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

15.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Beckman knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

16.  **SEX OFFENDER REGISTRATION REQUIREMENT.**  Mr. Beckman understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Beckman understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Beckman further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 9

later than three days after any change of name, residence,
employment or student status.  Mr. Beckman understands that
failure to comply with these obligations subjects him to
prosecution for failure to register under federal law, 18 U.S.C.
§ 2250, which is punishable by a fine or imprisonment, or both.

17.  **FINAL DISPOSITION.** The matter of sentencing is within
the sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

   (a)  Inform the Probation Office and the Court of all relevant
        facts and conduct;

   (b)  Present evidence and argument relevant to the factors
        enumerated in 18 U.S.C. § 3553(a);

   (c)  Respond to questions raised by the Court;

   (d)  Correct inaccuracies or inadequacies in the presentence
        report;

   (e)  Respond to statements made to the Court by or on behalf
        of Mr. Beckman;

   (f)  Advise the Court concerning the nature and extent of Mr.
        Beckman's cooperation; and

   (g)  Address the Court regarding the issue of Mr. Beckman's
        acceptance of responsibility.

18.  **VOIDING OF AGREEMENT.**  If either the United States or
Mr. Beckman violates the terms of this agreement, the other party
will have the right to void this agreement. If the Court refuses
to accept this agreement, it shall be void.

19.  **ENTIRETY OF AGREEMENT.**   This written agreement
constitutes the entire agreement between the United States and Mr.

_____
Defendant's
Initials

Timothy C. Carrico, Esq.
August 24, 2023                    Re: Daniel Phillip Beckman
Page 10


Beckman in this matter.  There are no agreements, understandings
or recommendations as to any other pending or future charges
against Mr. Beckman in any Court other than the United States
District Court for the Southern District of West Virginia.

          Acknowledged and agreed to on behalf of the United States:

                         WILLIAM S. THOMPSON
                         United States Attorney

              By:        _____

                         Jennifer Rada Herrald
                         Assistant United States Attorney



I hereby acknowledge by my initials at the bottom of each of the
foregoing pages and by my signature on the last page of this 10-
page agreement that I have read and carefully discussed every part
of it with my attorney, that I understand the terms of this
agreement, and that I voluntarily agree to those terms and
conditions set forth in the agreement.  I further acknowledge that
my attorney has advised me of my rights, possible defenses, the
Sentencing Guideline provisions, and the consequences of entering
into this agreement, that no promises or inducements have been
made to me other than those in this agreement, and that no one has
threatened me or forced me in any way to enter into this agreement.
Finally, I am satisfied with the representation of my attorney in
this matter.

_____         8-28-23
Daniel Phillip Beckman          _____
Defendant                       Date Signed

_____         8-28-23
Timothy C. Carrico, Esq.        _____
Counsel for Defendant           Date Signed


                                _____
                                Defendant's
                                Initials

**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON**

**UNITED STATES OF AMERICA**

**v.**                                   CRIMINAL NO. _____

                                         18 U.S.C. § 2252A(a)(2)
**DANIEL PHILLIP BECKMAN**                18 U.S.C. § 2252A(b)(1)

### I N F O R M A T I O N

The United States Attorney Charges:

        From on or about November 27, 2022, through on or about December 15, 2022, at or near Madison, Boone County, West Virginia, within the Southern District of West Virginia, and elsewhere, defendant DANIEL PHILLIP BECKMAN did knowingly receive and attempt to receive child pornography, as defined in 18 U.S.C. § 2256(8)(A), that had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, using a means and facility of interstate and foreign commerce.

        In violation of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(b)(1).

                        UNITED STATES OF AMERICA

                        WILLIAM S. THOMPSON
                        United States Attorney

                By:   _____
                        Jennifer Rada Herrald
                        Assistant United States Attorney

**PLEA AGREEMENT ATTACHMENT A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
## CHARLESTON

**UNITED STATES OF AMERICA**

**v.**                                               **CRIMINAL NO.** _____

**DANIEL PHILLIP BECKMAN**

### STIPULATION OF FACTS

The United States and Daniel Phillip Beckman (hereinafter "I" or "me") stipulate and agree that the facts comprising the offense of conviction in the single-count information and relevant conduct include the following:

### DEFENDANT'S FACTUAL BASIS FOR GUILTY PLEA

On or about November 27, 2022, from my home in Missouri, I began communicating with Minor Female 1, who was located at or near Madison, Boone County, West Virginia, on Snapchat, which is a messaging application that relies upon the Internet and cellular networks. I initially communicated with her through Snapchat username "Jaden Smith". She and I discussed through Snapchat her receiving money from me in exchange for her sending nude images and videos of herself. I later began communicating with her using another Snapchat username, "Danny30," and told her my real name.

Between that time and approximately December 15, 2022, I paid Minor Female 1 approximately $625 via CashApp in exchange for numerous images and videos that she sent to me via Snapchat. While some of the photos were not sexually explicit or only showed her breasts, others showed her vaginal area or depicted her masturbating. I saved several of these images to my phone when I received them. During the time I received photos and videos from Victim 1, I believed her to be a minor.

On or about December 6, 2022, I was introduced by Minor Female 1 to her friend, Minor Female 2, who also lived at or near Madison, Boone County, West Virginia. I began communicating with her on Snapchat as well and paid her via CashApp for several images and videos that depicted her nude pubic area. I specifically described

### PLEA AGREEMENT EXHIBIT B

to her exactly how I wanted her to pose for those images. I believed her to be a minor when I received the images from her.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement in the charge set forth in the information.

Stipulated and agreed to:

_____          9-24-23
DANIEL PHILLIP BECKMAN                    _____
Defendant                                 Date

_____          9/24/23
TIMOTHY C. CARRICO, ESQ.                  _____
Counsel for Defendant                     Date

_____          9-28-23
JENNIFER RADA HERRALD                     _____
Assistant United States Attorney          Date

**PLEA AGREEMENT EXHIBIT B**