IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT WEST VIRGINIA
CHARLESTON DIVISION

**UNITED STATES OF AMERICA,**

v.                                        CASE NO.: **2:23-CR-00158**

**DANIEL PHILLIP BECKMAN.**

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant, Daniel Phillip Beckman, submits this memorandum outlining the various 18 U.S.C. § 3553(a) factors for the Court's consideration at his upcoming February 6, 2024, sentencing hearing.

**A.**   **No Legal Objections:**

On October 17, 2023, Mr. Beckman pled guilty to a single count information which charges him with a violation of 18 U.S.C. § 2452A(a)(2) and 2252(a)(b)(1) for receipt of child pornography (Class C Felony). The statutory penalty is (5) to (20) years of imprisonment, 5 years to life of supervised release, $250,000 fine, $100 special assessment, order of Restitution, and registration as a sexual offender.

Mr. Beckman's advisory guideline range is 210 to 240 months imprisonment.

Mr. Beckman asserts no legal objections to the PSR.

**B.**   **18 U.S.C. §3553(a) Factors for Consideration of Variance:**

**The nature and circumstances of the offense
and the history and characteristics of the defendant.**

Mr. Beckman respectfully asserts that a substantial variance sentence is warranted. He asserts that a sentence within the advisory guideline range of 210 to 240 months incarceration is greater than necessary to achieve the 18 U.S.C. § 3553(a) sentencing goals.

He requests the Court to consider a sentence of 133 months incarceration, which is in the middle of the bottom of the production guideline (210 months) and the top of the receipt guideline (57 months).

Mr. Beckman's advisory guideline range is 210 to 240 months incarceration. He is cross-referenced from the receipt guideline, § 2G2.2, to the production guideline of § 2G2.1 because he was involved in the production of the subject images.

The application of the receipt guideline to the facts in this case results in an advisory guideline range of only 46 to 57 months. See PSR at ¶ 46. This is because Mr. Beckman's offense conduct did not involve (1) a prepubescent minor; (2) a minor who had not attained the age of (12); (3) distribution to a third party for a pecuniary interest; (4) distribution to a minor; (5) did not involve sadistic or masochistic conduct; (6) did not involve sexual abuse or exploitation of an infant or toddler; (7) Mr. Beckman's conduct was limited to the receipt of material involving sexual exploitation of a minor and he did not intend to traffic or distribute it; and (8) Mr. Beckman's conduct did not involve a substantial number of images (at least 10 but less than 150 images).

Importantly, per the PSR at ¶ 29, the forensic examination of Mr. Beckman's subject phone (computer devices) reflects that the only other sexual conduct he was involved in related to adults.

Mr. Beckman fully cooperated with law enforcement by admitting his guilt at the time of his arrest. He voluntarily tendered his phone and password to law enforcement. He timely entered a plea agreement and agreed to plead guilty by way of information.

Mr. Beckman immediately voluntarily sought out and received a psychological evaluation from Dr. Ellis. A copy of this evaluation report was provided to probation and the government. A copy will be filed under seal with the Court.

Mr. Beckman is 46 years old. He has absolutely no prior history involving sexual

misconduct. He is married and going through a divorce as a result of this matter. He has three minor children. From all accounts, he had been a good father and provider to his family. He has an exemplary work history.

Mr. Beckman has four criminal history points. Three of his points result from a felony offense committed in 1999. Importantly, his criminal history does not involve any sexual misconduct.

Mr. Beckman will be serving an extended period of supervised release that will include restrictive conditions curtailing his access to the Internet, other minors, and requiring his continued participation in a sex offender treatment program, the suggested sentence would strike an appropriate balance for imposing a sufficient, but not greater than necessary, punishment for his conduct.

Mr. Beckman reviewed the victim impact statement, and he acknowledges emotional harm and trauma that he has caused both victims and their families. He acknowledges the seriousness of his conduct and that a substantial sentence is warranted under the law.

Attached hereto are character reference letters from friends and family members.

**The need for the sentence to reflect the seriousness of the offense,
to promote respect for the law, and to provide just punishment for the offense.**

Based on the circumstances surrounding the offense and relevant conduct, a sentence of (133) months will reflect the seriousness of his offense, promote respect for the law, and provide just punishment. It is important to note that Mr. Beckman will be subject to significant collateral consequences from his conviction. He will be required to pay a mandatory special assessment of $5,000.00. He will likely be required to register as a sexual offender for the rest of his natural life. He will be subject to supervised release for five years to life with special restrictive terms and conditions.

**The need for the sentence to afford adequate deterrence to criminal conduct.**

By granting Mr. Beckman a substantial variance his sentence will be significant and provide adequate deterrence to criminal conduct.

**The need for the sentence to protect the
public from further crimes of the defendant.**

A substantial variance sentence will protect the public from further crimes.   Upon his release from custody, Mr. Beckman will be on supervised release from (5) five years to life with restrictive terms and conditions.

**The need for the sentence to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

Mr. Beckman will be subject to continued therapy and treatment when he reaches supervised probation.

**The kinds of sentences available.**

See PSR.

**The kinds of sentence and sentencing range established for the applicable category of offense committed by the applicable category of defendant as set for in the guidelines issued by the sentencing commission that are in effect on the date the defendant is sentenced.**

 Mr. Beckman's advisory guideline range is incarceration of 210 to 240 months and a fine of $40,000 to $50,000.

**Any pertinent policy statements**

None.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.**

Mr. Beckman would ask the Court to appropriately consider sentences it has imposed in other similar cases when sentencing Mr. Beckman.

**The need to provide restitution to any victims of the offense.**

As of the date of the filing of this memorandum Mr. Beckman is aware that one victim impact statement was filed seeking $25,000.00 in restitution. It does not appear that any documentation was submitted along with the request supporting the $25,000 figure.

In conclusion, Mr. Beckman respectfully submits that the sentencing factors under 18 U.S.C. § 3553(a) warrant consideration of a variance of sentence. He requests placement at a sexual offender treatment program nearest to his residence in Missouri.

                    **RESPECTFULLY SUBMITTED,**

                    **DANIEL PHILLIP BECKMAN**
                    *DEFENDANT*

**By Counsel,**

  /s/Tim C. Carrico
**Tim C. Carrico (WVSB #6771)**
**CARRICO LAW OFFICES, LC**
**1554 Kanawha Blvd. East, Ste 100**
**Charleston, West Virginia 25301**
**Phone: (304) 347-3800**
**Fax: (304) 347-3688**
**Email: tcarrico@carricolaw.com**